UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  BOCA BAY GROUP II LLC,
                       Plaintiff,

           -against-

  TLM GROUP LLC,
                       Defendant.
------------------------------------------------------------X

24 Civ. 438 (LGS)

**ORDER**

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant filed a Notice of Removal on January 19, 2024, and removed this action from state court pursuant to the Court's diversity jurisdiction;

      WHEREAS, the federal courts are courts of limited jurisdiction, and "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1);

      WHEREAS, diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000);[1]

      WHEREAS, "the party invoking federal jurisdiction" bears the burden of "establish[ing] the existence of diversity jurisdiction." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019);

      WHEREAS, a limited liability company ("LLC") generally takes the citizenship of each of its members for the purposes of diversity jurisdiction. *See Carter v. HealthPort Techs., LLC*,

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

822 F.3d 47, 60 (2d Cir. 2016); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012);

WHEREAS, complete diversity is not established where the notice of removal fails to allege the citizenship of each member of a party LLC.  *See Platinum-Montaur Life Scis.*, 943 F.3d at 615;

WHEREAS, it is within the Court's discretion to *sua sponte* remand a case to state court where the party seeking removal has "failed to allege complete diversity of citizenship."  *Id.* at 618; *Hines v. Azoth Inv. SPC Ltd.*, No. 21 Civ. 10309, 2022 WL 683996, at *2-3 (S.D.N.Y. Mar. 8, 2022) (*sua sponte* remanding case to state court where notice of removal failed to establish complete diversity);

WHEREAS, a district court may *sua sponte* remand a case for a procedural defect within thirty days of the filing of the Notice of Removal.  *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006);

WHEREAS, Defendant's Notice of Removal is procedurally defective.  Defendant's Notice of Removal fails to plead facts sufficient to establish the citizenship of each member of Plaintiff LLC.  It is hereby

**ORDERED** that this matter is **REMANDED** to state court.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1447(c).

Dated: January 23, 2024
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE